FAIRBANKS, MORSE & CO. v. WALKER.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1908.)

No. 2,611.

1. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—INSUFFICIENT HELP.

Plaintiff and two others engaged in taking down certain machinery were ordered by their foreman to roll a five-inch rim fly wheel, weighing between 1,800 and 2,200 pounds, to a point where it could be hoisted from a basement. Plaintiff and his fellow workmen were intelligent, and made no complaint that the number of men allotted was insufficient to do the work, but proceeded to roll the wheel on the concrete floor until the wheel encountered the raised surface of a water pipe partially buried in the floor, when the lower part of the wheel slid laterally along the pipe and fell on plaintiff's leg, causing the injuries complained of. The surface of the floor was exposed when they began work, and the partially buried pipe was plainly observable until it was covered with water and grease that came from the machine they were dismantling. Held, that the neglect of plaintiff and his fellow servants rather than the lack of sufficient men to perform the work, was the proximate cause of his injury, and that defendant was not negligent in failing to provide a sufficient number of workmen.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 162, 257–263.]

2. SAME—DUTIES—PERFORMANCE—PRESUMPTIONS.

While employés are entitled to rely on the performance by the employer of his positive duties to them, the employer is also entitled to presume that the employés will exercise ordinary care in doing their work; neither being required to anticipate or make provision for the other's default.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 135–142.]

3. SAME—SAFE PLACE TO WORK.

Where defendant was engaged in taking down and removing machinery from premises which did not belong to it, and such work was not usually performed there, the ordinary rule as to an employer's duty to furnish a safe place to work did not apply as between defendant and its servants engaged in such work.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 171–174, 193.]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Albert Walker sued Fairbanks, Morse & Co., a corporation, for damages for personal injuries sustained in its service. The negligence charged was that defendant failed to provide a sufficient number of workmen to do the work in which plaintiff was engaged when injured. It was averred that the service reasonably required "the active work of at least four men or more." The defense was a general denial, contributory negligence, and assumption of the risk. The facts were these: The defendant sent four men, including the plaintiff and a foreman, to remove an engine from the basement of a building. The engine was dismantled, and one of the fly wheels and other parts were moved across the engine room and hoisted out by means of block and tackle. In all this work the plaintiff participated. The accident occurred while plaintiff and two of the men were enaged in rolling the second fly wheel over the basement floor to the point of hoist. The foreman having directed them to move the wheel over went to the floor above to get the block and

tackle ready. The wheel was six feet in diameter, had a five-inch rim, and weighed from 1,800 to 2,200 pounds. It stood upright when the men started to move it. The plaintiff was at one end and walked backward as the wheel rolled, another man was at the other end and walked forward, while the third walked at the side of the wheel grasping the spokes to steady it. When they were rolling it, the wheel encountered the raised surface of a water pipe partly buried in the concrete floor, the lower part slid laterally along the pipe, and plaintiff and one or both of his associates moved to the falling side and tried to support it but were unable to do so. Plaintiff was then so near another engine in motion he could not escape and the wheel fell on his leg. The pipe was concealed by water and grease which came from machinery dismantled by them, but the plaintiff had been about the basement for a day and a half prior to the accident and during part of the time the floor was not in that condition and the pipe was visible. The plaintiff was 26 years of age, and had several months' experience in repairing, taking down, and erecting engines, though none in handling a wheel as large as the one in question. He made no complaint about the number of men allotted to the task and heard none from the others. The conversations of the others on that subject are not material to the case. When the foreman before going above to fix the block and tackle directed them to move the wheel, defendant made no response, but set about the work. It was easy for the three to perform the duty assigned them, and it could have been done successfully had it not been for the exposed pipe. A motion of defendant at the close of the evidence for a directed verdict was denied. The plaintiff obtained a verdict upon which judgment was rendered.

William R. Gentry (Millard F. Watts and John E. McKeighan, on the brief), for plaintiff in error.

John M. Goodwin (Vincent McShane, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge (after stating the facts as above). The movement of the wheel in connection with which the accident occurred involved ordinary manual labor, the dangers incident to which were open and obvious. With knowledge that three men were assigned to the task the plaintiff, who was an intelligent workman, engaged in it without complaint or objection. That three men could easily roll the wheel across the floor if unobstructed was plain to a man of his experience. It was equally plain that it might escape their control if run against an obstruction, and that, if it escaped their control, it would fall. The surface of the concrete floor over which they rolled the wheel was exposed when they began work, and the partly buried pipe on which the wheel slid was plainly observable until it was covered with the water and grease that came from the machinery they themselves dismantled. This was a condition that should have been provided against by plaintiff and his associates in the exercise of ordinary care, but they seem to have paid no attention to it. The accident was the result of their neglect rather than the lack of men to perform the service. The number of men furnished being reasonably sufficient to do the work in safety if they exercised ordinary care in doing it, defendant was under no obligation to furnish more. Just as employés may rely upon the performance by the employer of his positive duties to them, so may he rely upon their exercise of ordinary care in doing their work and neither is required to anticipate and make provision for the other's default.

In respect of the controlling principles the case is quite similar to Gust Lake, Adm'r, v. Shenango Furnace Co. (decided at this term) 160 Fed. 887.

It may be further observed that the premises did not belong to defendant, and the work of taking down and removing machinery was not that usually performed there. The ordinary rule as to the duty of an employer in respect of the safety of the place where his work is being done does not apply. Westinghouse, Church, Kerr & Co. v. Callaghan, 83 C. C. A. 669, 155 Fed. 397; American Bridge Co. v. Seeds, 75 C. C. A. 407, 144 Fed. 605. In view of the conclusion reached, it is immaterial whether the foreman is to be regarded as a fellow servant or as a vice principal; nor is it necessary to consider the complaints as to the admission of evidence and the instructions.

The judgment is reversed, and the cause remanded for a new trial.