## VILTER MFG. CO. v. QUIRK.

### (Circuit Court of Appeals, Seventh Circuit. April 23, 1912.)

#### No. 1,804.

1. MASTER AND SERVANT (§ 106*)—INJURIES TO SERVANT—WORKING PLACE.
    Where defendant contracted to install a refrigerating plant for a packing company, defendant, while doing the work, necessarily made the packing-company's plant its own working place to the extent necessary to install the apparatus.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 193–198; Dec. Dig. § 106.*]

2. MASTER AND SERVANT (§ 97*)—INJURIES TO SERVANT—NEGLIGENCE.
    Defendant, having contracted to install a refrigerating apparatus in a packing plant, sent H. to do the work, and he employed plaintiff, a steam fitter's helper, to assist. It being necessary to lift certain piping to a second-story window, H. determined to rig a block and tackle from the window in the third story, and for this purpose sent plaintiff for rope with which to tie cross-timbers. As plaintiff started to untangle the rope, he straightened up, raising one hand above his head, and, without looking, thrust his fingers into an electric fan installed in the upper part of the window, the bottom edge of the fan being higher from the floor than plaintiff's height, resulting in three of his fingers being am-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

putated. *Held*, that danger of such an injury was not one reasonably to have been anticipated, and that defendant was not negligent in failing to provide against it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 163; Dec. Dig. § 97.*]

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

Action by John J. Quirk against the Vilter Manufacturing Company. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

Joseph B. Doe, for plaintiff in error.

Jackson B. Kemper, for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Defendant in error, plaintiff below, recovered a judgment on account of personal injuries. Error is mainly predicated on the court's refusal to direct a verdict in favor of defendant. Conflicts in testimony must, of course, be resolved against defendant, and the evidence viewed in the strongest aspect in favor of plaintiff.

So taken, the case is briefly this: Defendant is a corporation having a factory at Milwaukee, Wis., for making refrigerating plants, which it installs in its customers' places. North Packing Company contracted with defendant for the installation of a refrigerating plant in its sausage factory at Somerville, Mass. Hartman, defendant's superintendent, was sent to do the work. At Somerville, Hartman employed plaintiff and Ryan to assist. Plaintiff, 22 years old, had worked about 3 years as a steam fitter's helper, part of the time for North Packing Company. He was generally familiar with the factory, but not with the room in which he was hurt. To lift some heavy piping and take it into the building through a second-story window, Hartman decided to rig a block and tackle from a window immediately above in the third story. In the third-floor room were several cooking vats. Two of these were near the window, about 2 feet from the wall, with a passageway of about 2½ feet between them leading to the window. To support the block and tackle Hartman had determined to place a timber across the window inside and one outside, and to tie the timbers together with rope. To do this work the lower sash of the window was moved. When the timbers were placed, Hartman and Ryan holding the window open and the timbers in position, plaintiff found that the rope at hand was not sufficient. Hartman asked where more rope could be had. Plaintiff said he would go to the machine shop of the factory and try to get some. He returned where Hartman and Ryan were still holding the window and the timbers in place, and threw a piece of rope on the floor. It was tangled. In untangling it he straightened up and raised one hand above his head, without looking where his hand was go-

ing. Three fingers were cut off by an electric fan, which was installed in the upper part of the window; the bottom edge of the fan being higher from the floor than plaintiff's height. This fan, even when steam and vapor were in the room, could readily be seen by one approaching the window, when several feet away, if his gaze was directed upon it. There was evidence from which the jury might, and presumptively did, find that plaintiff did not know of the fan; that steam and vapor in the room might prevent a person of ordinary prudence, while engaged in carrying timbers and ropes, from noticing the fan, unless he were looking for it or had his attention called to it; that the noises from the boiling vats would drown the whirring sound of the fan; and that Hartman had actual knowledge of the fan and its location.

[1, 2] Granting that plaintiff may not be legally blamed for failing to observe the fan and for throwing his hand above his head without looking, we are unable nevertheless to sustain the judgment. As a foundation for his case it was first necessary for plaintiff to show that defendant was guilty of a breach of duty owed to him. Defendant was not an insurer. It owed only the duty of using reasonable care in the conduct of its business. No want of care in employing Hartman is suggested; but, of course, defendant was answerable for Hartman's wrongful acts and omissions within the scope of his employment. North Packing Company's plant was not defendant's; but, of course, defendant made the plant its own working place to the extent necessary to the installation of the refrigerating apparatus. What did Hartman do or omit that indicated a want of ordinary foresight? No dangerous machines or tools were given plaintiff to use. Plaintiff and Ryan had been intrusted with the work of getting the timbers and rope ready. When Hartman and Ryan were holding the window open and the timbers in place, and plaintiff was tying one end of the timbers with the rope that had been brought to the place before the work was commenced, the place in which the work was to be done was safe. To stand on a solid floor and tie a rope around timbers at the knee-high window sill involved no obvious and imminent peril. When plaintiff discovered that he needed more rope and brought it, Hartman was still engaged with Ryan in holding the window and timbers in place for plaintiff to complete the tying. Hartman did not furnish plaintiff the tangled piece of rope; did not direct him when or where or how to untangle it; did not even know, so far as any evidence goes, that the rope was tangled. How was Hartman, under these circumstances, bound in reason to foresee that plaintiff might bring tangled rope to the place where the timbers were to be tied, and in untangling it raise his hand above his head, and without looking thrust his hand into the fan? In our judgment, the evidence afforded no basis for finding that defendant, through Hartman, failed to exercise reasonable care in guarding plaintiff against dangers fairly to be anticipated. Fact of injury is not enough. To recover, a plaintiff must prove that

his injury was caused by a danger which the defendant might reasonably have anticipated. Commonwealth Steel Co. v. McCash, 184 Fed. 882, 107 C. C. A. 206.

The judgment is reversed, with the direction to grant a new trial.