AQUA SYSTEM, Inc., v. KODAKOSKI

No. 8252.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1937.

HOLLAND, District Judge, dissenting in part.

Alfred C. Kammer, of New Orleans, La., and Wm. A. Van Siclen, of Ancon, Canal Zone, for appellant.

Chauncey P. Fairman, of Cristobal, Canal Zone, for appellee.

Before FOSTER and SIBLEY, Circuit Judges, and HOLLAND, District Judge.

FOSTER, Circuit Judge.

This suit was brought by appellee to recover damages for personal injuries accidentally incurred in the course of his employment as a laborer by appellant. The complaint alleged that the accident was caused by the sudden and unexpected dropping of a large wooden pile by other men with whom plaintiff was engaged in carrying it. The negligence of the employer alleged was: (1) Failure to use ordinary care in selecting the employees engaged in the work; (2) failure to provide a safe place to work; (3) failure to direct the work of carrying the pile; (4) failure to advise or instruct plaintiff respecting the danger of the work; (5) failure to warn or notify plaintiff of the proposed throwing or release of the pile by the other men carrying it. The answer denied negligence and pleaded negligence of fellow servants and assumption of risk. The question of contributory negligence of plaintiff was not raised. At the close of plaintiff's evidence defendant moved for a directed verdict, which was refused. Defendant elected to stand upon its motion and did not introduce any evidence. The case was submitted to the jury on the evidence introduced by plaintiff on instructions leaving it to the jury to decide every point raised by the pleadings, and resulted in a verdict for plaintiff, in the sum of $8,500, upon which judgment was entered. Error is as-

signed to the overruling of the motion for verdict.

It is not disputed that plaintiff was employed by defendant and was seriously injured in the course of his employment. As to the cause of the accident, plaintiff and two other witnesses testified. No other evidence was presented on this point. This evidence tends to show the following facts: Plaintiff was 43 years of age and for 5 years prior to the accident had been engaged in working as a laborer on construction work in the Canal Zone, sometimes as a carpenter or carpenter's helper, but most of the time as an ordinary laborer. He was employed by the day as ordinary laborer by Sullivan, superintendent over a construction job being done by defendant, and was to be paid at the rate of 40 cents an hour. His employment began on the morning of February 5, 1935. He was first engaged with other laborers in digging dirt and moving it from the hole with a wheelbarrow. A crew of eight men was engaged in carrying piles, from a place where they were stored, for a short distance to a place where they were to be used. About 10 o'clock in the morning it was necessary to move one of these piles which was too large for the crew of eight to handle. Plaintiff and two other men were taken off the excavating job and sent by Sullivan to help in the moving of this pile. Plaintiff made no protest as to the change in the character of his work. He was not instructed as to the method of doing the work nor warned of any danger in this respect. The other ten men raised up the pile, the butt of which was put upon plaintiff's left shoulder and he was given the first position in carrying it. It may be assumed that the other ten men carried the pile on their right shoulders, although the evidence is not clear that all of them did so, but the pile was placed on the shoulders of all the men and all of them carried it. Some one said, "Go straight," and the gang started with it. After they had gone 100 to 150 feet and were still moving towards their objective, but before they had reached it, the pile slipped or was thrown off the shoulders of the other men. Plaintiff was knocked down and injured by the pile falling on him. No one gave any order to throw or release the pile and the accident is otherwise unexplained. Sullivan was about 10 feet away when the accident happened. There was no evidence tending to show that either Sullivan or plaintiff's fellow servants were incompetent. There was no particular rule as to which shoulder the men should carry the piling on, that being a matter they settled among themselves in doing the work. There was no evidence tending to show the method of carrying the pile was more dangerous than usual or that there was a safer way. Nor that defendant had notice of any want of ordinary skill in doing the work on the part of plaintiff.

The law of the Canal Zone governing the case is to be found in the Canal Zone Code, sections 1311, 1312, 1313 of article 3 and section 1328 of article 4 of title 3. So far as necessary to quote, they provide:

"1311. An employer must indemnify his employee, except as prescribed in the section next following, for all that he necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer. * * *

"1312. An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed nor in consequence of the negligence of another person employed by the same employer in the same general business, unless the negligence causing the injury was committed in the performance of a duty the employer owes by law to the employee, or unless the employer has neglected to use ordinary care in the selection of the culpable employee: Provided, nevertheless, That the employer shall be liable for such injury when the same results from the wrongful act, neglect, or defraud of any agent or officer of such employer, superior to the employee injured, or of a person employed by such employer having the right to control or direct the services of such employee injured. * * *

"1313. An employer must in all cases indemnify his employee for losses caused by the former's want of ordinary care."

"1328. An employee is bound to exercise a reasonable degree of skill, unless his employer has notice, before employing him, of his want of skill."

██ Since the Canal Zone Code does not define the duties of an employer to his employees, the common law of master and servant must be considered in connection therewith. Canal Zone Code, title 4, § 1925. Cf. Southern Ry. Co. v. Gray, 241 U. S. 333, 36 S.Ct. 558, 60 L.Ed. 1030. As to

398

the first allegation of negligence, in the absence of evidence to the contrary, it must be presumed Sullivan, the superintendent, and the fellow workers of plaintiff were competent. However, the competence of Sullivan is immaterial. Under the terms of the statute, as he was in authority over plaintiff, defendant would be liable for his negligence.

■■ The law does not set up an unreasonable standard of conduct for an employer. He is not an insurer of the safety of his employees. It is not the absolute duty of an employer to furnish a safe place to work. The obligation is to use reasonable care to provide a reasonably safe place in which to work. Baltimore & Ohio S. W. R. Co. v. Carroll, 280 U.S. 491, 50 S.Ct. 182, 74 L.Ed. 566. Considering the undisputed evidence, it is plain the premises were not defective and were reasonably safe.

■■ The remaining charges of negligence may be discussed together. It was the duty of defendant to use reasonable care in superintending and directing the work, to advise plaintiff of the method to be employed in doing the work, and to warn him of any danger not usual and not apparent, so as to avoid any preventable accident to him. In determining whether there was a breach of duty in this respect, the circumstances must be considered. Both under the statute and the general law defendant was entitled to presume plaintiff was competent to do the work he offered himself for. Fairbanks, Morse & Co. v. Walker (C.C.A.) 160 F. 896. The work was of a simple nature, not involving the use of complicated or potentially dangerous machinery or appliances. Plaintiff was a mature man of sufficient experience as a laborer to be charged with knowledge of such dangers as usually attend the kind of work he was doing. There was no need for instruction in advance as to the method of doing the work. It is not shown that putting the pile on plaintiff's left shoulder, while others carried it on their right shoulders, was in itself dangerous. The men may have considered that was the proper way to carry it to balance it and prevent slipping. Had the gang reached the place where the pile was to be deposited, it is a reasonable presumption that plaintiff could have shifted his hold before it was dropped. If the accident had happened when, in the usual course of the work, the pile was to be

thrown or dropped, a different case might have been presented but that time never arrived. On the facts shown, it is impossible to conjecture what Sullivan could have done to prevent the accident. It is not the duty of an employer to warn his employee of a danger of which the employer does not know and could not have discovered in the exercise of reasonable care. National Biscuit Co. v. Nolan (C.C.A.) 138 F. 6; Vilter Mfg. Co. v. Quirk (C.C.A.) 199 F. 766; Atchison, T. & S. F. Ry. Co. v. Wyer (C.C.A.) 8 F.(2d) 30; Traffic Motor Truck Corp. v. Claywell (C.C.A.) 12 F. (2d) 419; Norfolk & W. Ry. Co. v. Hall (C.C.A.) 49 F.(2d) 692; Missouri Pac. R. Co. v. Aeby, 275 U.S. 426, 427, 48 S.Ct. 177, 178, 72 L.Ed. 351.

■■ It would be absurd to say that defendant should have anticipated that in the course of the work the fellow servants of plaintiff would suddenly and without warning throw the pile off their shoulders. On the undisputed evidence the accident was caused by the negligence of plaintiff's fellow servants, for which defendant was not liable under the statute, or was unavoidable for some undisclosed reason. The burden was on plaintiff to prove negligence substantially as alleged. The fact that the accident happened and plaintiff was seriously injured, however much that might appeal to the sympathy of the court, did not create a presumption of negligence on the part of defendant. Patton v. Texas & Pacific Ry. Co., 179 U.S. 658, 21 S.Ct. 275, 45 L.Ed. 361; New York Central R. Co. v. Ambrose, 280 U.S. 486, 50 S.Ct. 198, 74 L.Ed. 562. Considering the evidence in the light most favorable to plaintiff and drawing such deductions as reasonable men would be obliged to draw, there is nothing to show negligence or breach of duty by defendant. It was the duty of the court to direct a verdict for defendant. Pleasants v. Fant, 22 Wall. 116, 22 L.Ed. 780; Elliott v. Chicago, Milwaukee & St. Paul Ry. Co., 150 U.S. 245, 14 S.Ct. 85, 37 L. Ed. 1068; Small Co. v. Lamborn & Co., 267 U.S. 248, 249, 45 S.Ct. 300, 301, 69 L. Ed. 597.

Reversed and remanded.

HOLLAND, District Judge (concurring in part and dissenting in part).

The evidence as to what caused the damage suffered by the plaintiff is speculative and does not support the verdict. I concur in the conclusion that the case

should be reversed. The record does not show why additional men were added to the regular number engaged in this work, nor explain the addition of three, the plaintiff and two others. The negligence charged in the declaration may be held to lay a basis for evidence as to insufficiency of workmen for the work. This would be a matter of proper inquiry on a new trial. I think the case should be reversed and remanded.