BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY *v.* CARROLL, ADMINISTRATRIX.

No. 87. Argued January 15, 1930.—Decided February 24, 1930.

*Mr. William A. Eggers,* with whom *Messrs. Morison R. Waite, Harry R. McMullen* and *Cassius W. McMullen* were on the brief, for petitioner.

*Mr. Oscar H. Montgomery,* with whom *Messrs. T. Harlan Montgomery* and *William J. Hughes* were on the brief, for respondent.

Mr. Justice Sutherland delivered the opinion of the Court.

The deceased, Guerney O. Burtch, sustained personal injuries while assisting to unload a heavy ensilage cutter from a freight train operated by petitioner. He sued in a state court, and recovered damages on the theory that state law, and not the Federal Employers' Liability Act, applied. This court reversed the judgment, holding that the federal act applied, and remanded the cause for a new trial. On February 10, 1921, while the appeal was pending in the state supreme court, Burtch died, and his widow (now Lula Carroll) was appointed administratrix. Upon her application she was substituted as respondent in this court. *B. & O. S. W. R. R.* v. *Burtch,* 263 U. S. 540.

Three years after the death of Burtch when the case was back in the state court of first instance, respondent, by leave of that court, amended the complaint, and, among other things, alleged for the first time the death of Burtch as a result of the injury, and demanded judgment in a single sum for the loss and injury sustained by the deceased during his lifetime and the pecuniary loss resulting from his death. A motion to require respondent to state these claims as separate causes of action was over-

494

ruled. The answer affirmatively alleged that in so far as the amended complaint was based upon the death of Burtch, the cause of action was barred because not brought within two years, as required by § 6 of the act (U. S. Code, Title 45, § 56), which provides that no action shall be maintained under the act unless commenced within two years from the day the cause of action accrued. The jury returned a verdict for respondent and the judgment thereon was affirmed by the state supreme court.

In respect of the statute of limitations, that court held that the challenged amendment did not introduce a new cause of action, but was a mere amplification of the original complaint and related back to the commencement of the action. In support of the ruling, reliance was had upon the decisions of this court that neither an amendment for the first time setting up the right of the plaintiff to sue as personal representative, *Mo., Kans. & Tex. Ry.* v. *Wulf,* 226 U. S. 570, nor an amendment for the first time alleging that the parties were engaged in interstate commerce, *N. Y. Cent. R. R.* v. *Kinney,* 260 U. S. 340, introduces a new cause of action. Each of these decisions proceeds upon the ground that the amendment did not set up any different state of facts as the ground of action, and therefore it related back to the beginning of the action. In the *Kinney* case it was pointed out that the original declaration was consistent with a wrong under either state or federal law, as the facts might turn out; and that the acts constituting the tort were the same, whichever law gave them that effect.

But here two distinct causes of action are involved, one for the loss and suffering of the injured person while he lived, and another for the pecuniary loss to the beneficiaries named in the act as a result of his death. *St. Louis & Iron Mtn. Ry.* v. *Craft,* 237 U. S. 648, 658; *C., B. & Q. R. R.* v. *Wells-Dickey Trust Co.,* 275 U. S. 161, 162. In the *Craft* case it was said: "Although originating in the same

wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. . . . One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong." And in the *Wells-Dickey* case it was explicitly held that for an injury resulting in death the act gives two distinct causes of action.

The statute, it is true, provides that "there shall be only one recovery for the same injury"; but this has the effect not of merging the two rights into a single cause of action, but of limiting the personal representative "to one recovery of damages for both, and so to avoid the needless litigation in separate actions of what would better be settled once for all in a single action." *St. Louis & Iron Mtn. Ry.* v. *Craft, supra,* p. 659.

The cause of action which arises from death accrues at the time of death, and the two-year period of limitation then begins. *Reading Co.* v. *Koons,* 271 U. S. 58. Here, more than two years having passed, the amendment, introducing as it did a new and distinct cause of action, does not relate back to the beginning of the action so as to avoid the bar of the statute of limitations, *Union Pacific Railway* v. *Wyler,* 158 U. S. 285, 296–298; and since the verdict of the jury was for a single sum, including an undetermined amount as damages for the death, the judgment must be reversed and the cause remanded for a new trial only upon the alleged cause of action for the personal injuries suffered by the deceased.

The court below gave weight to the fact that this court, in disposing of the former appeal, remanded the cause for a new trial, and suggests that this would not have been done if the complaint was not subject to amendment so as to allow a submission of the case to a jury under the federal act. It is enough to say that on the former appeal the right to maintain an action on account of

Burtch's death was in no way involved; and there is no warrant for assuming that this court had in mind any future proceedings in respect thereof.

We do not stop to discuss the complaint, rather faintly urged, that the trial court gave conflicting and improper instructions to the jury on the subject of assumption of risk. That question received the consideration of this court in *Texas & Pacific Railway* v. *Archibald,* 170 U. S. 665, 671, and *Choctaw, Oklahoma &c., R. R. Co.* v. *McDade,* 191 U. S. 64, 68, and the rule to be followed in any subsequent trial of this case will there be found fully and carefully stated. Under the rule established by these cases, some of the instructions of the court were over favorable to the railroad company rather than the reverse. On the other hand, the charge in respect of the duty of the employer to furnish safe appliances was without qualification, and the jury might well have understood that the duty was an absolute one. That is not the law. The employer is not held to an absolute responsibility for the reasonably safe condition of the place, tools and appliances, but only to the duty of exercising reasonable care to that end. *Seaboard Air Line* v. *Horton,* 233 U. S. 492, 502; *Yazoo & M. V. R. R. Co.* v. *Mullins,* 249 U. S. 531, 533.

*Judgment reversed.*