[Civ. No. 13225.   Second Dist., Div. Two.   Jan. 22, 1942.]

MIKE VOJKOVICH, Respondent, v. LOUIS URSICH et al., Appellants.

Lasher B. Gallagher for Appellants.

Ames Peterson and Hugh Kelley for Respondent.

WOOD (W. J.), J.—Plaintiff commenced this action to recover damages for injuries resulting from the negligence of defendants in failing to furnish plaintiff a safe place in which to work on their fishing vessel, "Dauntless." Defendants have appealed from a judgment in favor of plaintiff and from an order denying their motion for judgment notwithstanding the verdict.

At the time of his injury plaintiff, who was employed by defendants as a fisherman, was engaged in distributing ice in the hold of the "Dauntless," which was moored to a dock in San Pedro harbor. Crushed ice from a crusher located

on the dock was conveyed through a gravity pipe to a device known as an ice blower which was suspended in the hold of the vessel. By means of a revolving fan in the ice blower ice was discharged from an aperture in the front of the blower to various parts of the hold. It was the duty of plaintiff and another fisherman to turn the blower in order to direct the flow of crushed ice so that it would be evenly distributed throughout the hold. Having completely filled the hold with ice, plaintiff shouted to an employee on the ice crushing machine to shut off the electric current which actuated the fan in the ice blower. Although the current was shut off at that time, the fan of the blower continued for some time to revolve of its own motion. Plaintiff, who was seated on the hatch coaming, with his feet encased in rubber boots about a foot above the surface of the ice in the hold, started to cross the ice to the opposite side of the hatch where the ice blower was located for the purpose of disconnecting the switch plug. He slipped on the ice and fell forward, involuntarily extending both hands to help break his fall. One of his hands went into the aperture of the blower and came in contact with the revolving fan and was injured.

The action was brought under the provisions of the Jones Act (46 U. S. C. A., sec. 688; sec. 33 of the Merchant Marine Act), which provides that any seaman who is injured in the course of his employment may, at his election, maintain an action for damages at law, and that in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply. The alleged negligence of defendants consisted in the furnishing of an ice blower to be used by plaintiff with an unguarded aperture. Defendants contend that plaintiff was guilty of contributory negligence in crossing the ice in the hold when he could have walked around the hatch on the deck of the vessel.

Prior to the enactment of the Jones Act a vessel and her owner were liable under the general maritime law in the event a seaman became sick or was wounded in the service of the ship, whether through negligence or accidentally, to the extent of the seaman's maintenance and cure, and were liable for injuries received by a seaman because of the unseaworthiness of the ship and her appliances. But a seaman could not recover for injuries sustained by the negligence of the master or any

member of the crew. (*Pacific Steamship Co.* v. *Peterson,* 278 U. S. 130 [49 S. Ct. 75, 73 L. Ed. 220]. The Jones Act was enacted to permit a seaman to maintain an ordinary common law action for damages based on negligence, by reference, however, making such action subject to the provisions of section 1 of the Federal Employers' Liability Act (45 U. S. C. A., sec. 51), relating to actions by railroad employees for personal injuries. That section provides: ''Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier, or by reason of any defect or insufficiency due to its negligence, in its cars, engines, appliances, machinery, track, road-bed, works, boats, wharves or other equipment.''

It is contended by defendants that the federal courts have exclusive jurisdiction of the matter which is the subject of the present litigation, since, it is argued, the injury was occasioned by an alleged defective appliance appurtenant to the ship (i. e., because of the unseaworthiness of the vessel). Although plaintiff had the right to file an action in the federal courts, he was given the option in the Jones Act of pursuing in the state courts a common law remedy based on negligence. Since plaintiff elected to proceed under the alternative afforded by the Jones Act, it is immaterial that he might have availed himself of the existing remedy by proceeding under the general maritime law. It has been held that in an action under the Jones Act the injured seaman may recover not only for injuries due to negligence but also for injuries caused by the defective condition of the vessel or appliances appurtenant thereto where such defect is due to negligence. (*Stevens* v. *R. O'Brien & Co.,* 62 Fed. (2d) 632.) Defendants further contend that even if the action is properly based on the Jones Act the complaint fails to state a cause of action because it is not alleged that the injury was occasioned by the negligence of any officer, agent or employee of defendants. Such an allegation was unnecessary, for it is provided by section 1 of the Federal Employers' Liability Act, which by reference is made applicable to actions under the Jones Act, that recovery may be had for injuries caused by any ''defect or insufficiency, due to its (the carrier's or

employer's) negligence in its . . . appliances, machinery . . . boats, wharves or other equipment.'' It is alleged in the complaint that ''defendants negligently kept, maintained and operated an ice blower in the hold of said vessel without any guard or any contrivance to protect and prevent persons on said vessel and employed by defendants and while working in the course of their employment from coming in contact with the revolving fan and other moving parts of said blower.'' This allegation is sufficient to charge negligence on the part of defendants in maintaining defective equipment or appliances.

It is argued by defendants that if the state tribunals can exercise jurisdiction of the subject matter of the litigation the exclusive remedy is with the Industrial Accident Commission and not in the superior court. The rules for determining whether a particular case falls within the jurisdiction of the Industrial Accident Commission or a court administering the maritime law are set forth in *Teahan* v. *Industrial Acc. Com.*, 210 Cal. 342, 346 [292 Pac. 120], as follows: '' (1) If an injury occurs on land, the maritime law does not operate. (2) If it occurs on navigable waters, the jurisdiction of admiralty is *prima facie* exclusive. (3) If an injury occurs on navigable waters and in the performance of a *maritime* contract, it is certainly within the exclusive jurisdiction of admiralty unless (a) the contract is of merely local concern; and (b) its performance has no direct effect upon navigation or commerce; and (c) the application of the state law 'would not necessarily work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations.' (4) State workmen's compensation laws, contractual in character, are applicable to *maritime* service on navigable waters, when, and only when, the service is within exceptions (a), (b) and (c) above. (5) If, however, the injury occurs on navigable waters, but in the performance of a *nonmaritime* contract, it is, at least *prima facie*, local and within the operation of state laws. If there are any exceptions to this rule, they are yet to be developed.'' Plaintiff's employment with defendants was not local but was such as to characterize him as a ''seaman'' within the meaning of the Jones Act. The accident occurred on navigable waters. Plaintiff was employed

as a tuna fisherman to go upon the high seas and was actually aiding in the preparation for the voyage. When the ship's articles were signed the vessel was preparing to depart for Mexico. The term "seaman" includes all those on board a vessel whose labor contributes to the accomplishment of the main objective of the voyage. (*Osland* v. *Star Fish & Oyster Co.*, 107 Fed. (2d) 113; *Domandich* v. *Doratich*, 165 Wash. 315 [5 Pac. (2d) 310].) In both of the cited cases a fisherman was held to be a seaman entitled to all the benefits of the Jones Act. We are satisfied that the superior court had jurisdiction of the action.

The judgment must be reversed because of the errors of the trial court in giving the following instructions to the jury:

"Owner of vessel must supply safe place to work.

"A seaman injured at sea may recover indemnity, not only for injuries due to an unseaworthy vessel or defective equipment, but for injuries due to the negligence of one in authority over him, or to any defective condition of the vessel.

"The owners of a vessel are bound to furnish and maintain equipment and appliances reasonably free from defects, as well as reasonably proper and suitable for the special kind of work being done.

"A shipowner which equips its vessel with improper and dangerous appliances, even when proper ones cannot be obtained, does so at its own risk, and not at the risk of the seaman."

Under the Jones Act an employer is not held absolutely responsible to furnish employees with a safe place in which to work but is only bound to exercise reasonable care to see that the place is reasonably safe. (*Baltimore & Ohio S. W. R. Co.* v. *Carroll*, 280 U. S. 491 [50 S. Ct. 182, 74 L. Ed. 566].) It has been held that there is no absolute responsibility on the part of an employer to furnish reasonably safe equipment, his duty being merely to exercise reasonable care to that end. (*Seaboard A. L. R. Co.* v. *Horton*, 233 U. S. 492 [34 S. Ct. 635, 58 L. Ed. 1062].) Upon receiving the instructions above set forth the jury might well have concluded that the employers were insurers of plaintiff's safety. The jury was not informed that defendants could be freed from responsibility upon proof that they had exercised reasonable care in providing proper equipment on their vessel for the use of their employees. Clearly the instructions

placed upon defendants a heavier duty than the law applicable to the situation justifies.

With respect to the appeal from the order denying defendants' motion for judgment notwithstanding the verdict, the record discloses substantial evidence which, had the jury been properly instructed, would have been sufficient to sustain a verdict in plaintiff's favor.

The judgment is reversed. The order denying the motion for judgment notwithstanding the verdict is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied February 16, 1942, and appellants' petition for a hearing by the Supreme Court was denied March 19, 1942.