## O'NEILL v. CUNARD WHITE STAR LIMITED.

District Court, S. D. New York.
Oct. 11, 1946.

Silas B. Axtell, of New York City, for libellant.

Lord, Day & Lord, by William J. Brennan, all of New York City, for respondent.

RIFKIND, District Judge.

Respondent, appearing specially, moves for an order sustaining its exception to the jurisdiction of the court. The exception is founded upon several grounds.

The suit is brought by libellant individually, and as "dependent widow" of a deceased seaman, and as administratrix of his estate, against the owner and operator of the vessel upon which he was employed, for damages sustained by the wrongful death of her husband caused by respondent's negligence. The libel alleges that "the jurisdiction of this Court is predicated upon the General Maritime Law of the United States, including United States Code Annotated, Section 688." The latter reference undoubtedly is to section 688 of Title 46, U.S.C.A., commonly known as the Jones Act.

The libel further alleges as follows: Respondent, a British corporation, transacting business in New York City, was the owner or operator of a merchant vessel, the S.S. Empire Hawk. Libellant's intestate was a seaman in the employ of the vessel. On or about December 1, 1941, while in the performance of his duties, he was injured and swept overboard and drowned, all because of respondent's negligence and the lack of seaworthiness of the vessel.

Heretofore, on November 22, 1944, libellant commenced an action at law for the same alleged wrongful death. In that action, the complaint was dismissed for lack of diversity of citizenship of the parties, plaintiff being a British subject and defendant being a British corporation, with leave to the plaintiff to move for an order to transfer the law action to the admiralty. Such application was made but, on April 29, 1946, it was denied by Judge Mandelbaum on the ground that "the court feels that admiralty should not accept jurisdiction" and that to do so "on the facts would amount to an abuse of discretion". Thereupon the libel was filed on June 5, 1946.

It was conceded upon the argument that neither the decedent nor the libellant was a citizen of the United States. Respondent, as alleged in the libel, is a British corporation. Respondent asserted in its brief, without contradiction, that both the decedent and the libellant were British sub-

jects; that the vessel was British owned and operated and flew the British flag; that the loss of life occurred on the high seas; that the intestate had signed British shipping articles in a British port for a voyage which began and ended in a British port and did not touch any American port. Libellant asserted, without contradiction, that both libellant and the intestate resided in Brooklyn, New York for a number of years; that both had applied for citizenship and had received their first papers; that they had four minor children, all American citizens by birth and that the City of New York might have an interest in any recovery because it had furnished money to the family during the depression years.

■ Insofar as the suit is alleged to be based upon general maritime law, it must fail since under such law there is no right to recovery of damages for the death of a seaman, whether caused by negligence or unseaworthiness of the vessel. Lindgren v. United States, 1930, 281 U.S. 38, 43, 47, 50 S.Ct. 207, 74 L.Ed. 686; Western Fuel Co. v. Garcia, 1921, 257 U.S. 233, 240, 42 S.Ct. 89, 66 L.Ed. 210.

■ Insofar as the libel is based upon statute, it must fail with respect to the claim of the libellant individually and as dependent widow. The Jones Act specifically provides that "the personal representative of such seaman may maintain an action" for wrongful death (46 U.S.C.A. § 688). This has been construed to mean that "The administrator * * * is the only person authorized by the statute to maintain the action." Reading Co. v. Koons, 1926, 271 U.S. 58, 60, 46 S.Ct. 405, 406, 70 L.Ed. 835; St. Louis, S. F. & T. Ry. Co. v. Seale, 1913, 229 U.S. 156, 160, 33 S.Ct. 651, 57 L.Ed. 1129, Ann.Cas.1914C, 156. See, also, Briggs v. Walker, 1898, 171 U.S. 466, 471, 19 S.Ct. 1, 43 L.Ed. 243.

We now direct our attention to the suit of the administratrix under the Jones Act.

■ The Jones Act, by its express terms, incorporates by reference the Employers' Liability Act, 45 U.S.C.A. § 51 et seq., including § 56 of Title 45, which reads, in part, as follows:

"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued".

The quoted provision of § 56 "is one of substantive right, setting a limit to the existence of the obligation which the Act creates." It is a limitation on the right created by statute. Engel v. Davenport, 1926, 271 U.S. 33, 38, 46 S.Ct. 410, 412, 70 L.Ed. 813.

■ The cause of action, it has been held, accrues at the time of death and not of the appointment of the personal representative. Reading Co. v. Koons, supra, 271 U.S. at pages 60, 63, 46 S.Ct. at pages 406, 407, 70 L.Ed. 835; Baltimore & Ohio Southwestern R. Co. v. Carroll, 1930, 280 U.S. 491, 495, 50 S.Ct. 182, 74 L.Ed. 566.

■ The cause of action asserted in this libel accrued, therefore, on or about December 1, 1941. This libel was filed on June 5, 1946. Clearly it was not timely unless libellant is to have the benefit of the earlier date, November 22, 1944, when the law action was commenced. Because the exception must be sustained for other reasons, I need not decide whether the institution of the action at law forgives the delay in filing the libel. It seems quite clear, under existing authority, that in the exercise of its discretion this court must refuse to accept jurisdiction of this action. So Judge Mandelbaum decided. I am persuaded that the authorities sustain his decision. Kyriakos v. Goulandris, 2 Cir., 1945, 151 F.2d 132; The Paula, 2 Cir., 1937, 91 F.2d 1001, certiorari denied sub. nom. Peters v. Lauritzen, 302 U.S. 750, 58 S.Ct. 270, 82 L.Ed. 580.

The case most favorable to the retention of jurisdiction on the facts of this case is Gambera v. Bergoty, 2 Cir., 1942, 132 F.2d 414, certiorari denied 319 U.S. 742, 63 S.Ct. 1030, 87 L.Ed. 1699. In that case the court entertained jurisdiction of an action by an alien seaman who had been a resident of the United States for many years, in a libel in personam against a foreign shipowner. There, however, the ship was enroute between two American ports when the alleged injuries occurred. The

946

court emphasized that the voyage commenced and ended in American ports. In the case at bar no such, or comparable, saving circumstance can be found.

The tragic facts which give rise to this litigation naturally move the court strongly in favor of finding an opportunity for the libellant to prosecute the action. Examination of the possibilities under the Death on the High Seas Act, 46 U.S.C.A. § 761, leads to the conclusion that the same policy which dictates the exclusion of the action under the Jones Act would constitute an equally effective barrier under the former Act.

Equally futile is the attempt to find a gateway for the libellant under 46 U.S.C.A. § 764. If libellant attempted to proceed under that statute and enforce her claim under Lord Campbell's Act, Powers v. Cunard S.S. Co., D.C., S.D.N.Y., 1925, 32 F. 2d 720, she would be confronted with the requirement that "action shall be commenced within twelve calendar months after the death of such deceased person." The Vestris, D.C., S.D.N.Y., 1931, 53 F. 2d 847, [855,] 856.

The exception is sustained and the libel dismissed.