**ATLANTIC COAST LINE R. CO. v. DIXON.**

No. 13469.

United States Court of Appeals
Fifth Circuit.

May 25, 1951.

Rehearing Denied June 19, 1951.

Larry E. Pedrick, John W. Bennett, Waycross, Ga., Charles Cook Howell, Wilmington, N. C., for appellant.

J. S. Dorsey Blalock, E. O. Blalock, Waycross, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This appeal is from a judgment recovered by plaintiff below, suing under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for personal injuries resulting from an electric shock received by plaintiff when he mistakenly plugged the connection of a portable electric light cable into the outlet of a power circuit carrying a 440 volt current, instead of, as he had intended, into a lighting circuit carrying only 110 volts, the outlet of which was located some 26 feet away.

Plaintiff asserts that the defendant railroad company failed to exercise due care to furnish him a reasonably safe place in which to work, and with reasonably safe tools and appliances, specifically in failing to notify plaintiff of the presence and dangerous character of the power circuit, in failing to turn off the current when the circuit was not in use, in failing to maintain guards to prevent accidental contact with the power circuit, and in failing to furnish sufficient light where plaintiff was required to work.

The Federal Employers' Liability Act does not make the employer an insurer of the safety of its employees while they are on duty. The employer is not held to an absolute responsibility for the

reasonably safe condition of the place, tools and appliances, but only to the duty of exercising reasonable care to that end, the degree of care being commensurate with the danger reasonably to be anticipated. Baltimore & O. S. W. R. Co. v. Carroll, 280 U.S. 491, 50 S.Ct. 182, 74 L.Ed. 566. The basis of the employer's liability is its negligence, not the mere fact that the injury occurred. Except as otherwise provided in the Act, liability is determined by common law principles which define negligence as lack of due care in the circumstances, that is, the doing of acts which a reasonably prudent person would not have done, or the failure to do what a reasonably prudent person would have done in the circumstances, or both. Ellis v. Union Pac. R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444; 87 L.Ed. 610; Missouri Pac. R. Co. v. Aeby, 275 U.S. 426, 48 S.Ct. 177, 72 L.Ed. 351; McGivern v. Northern Pac. Ry. Co., 8 Cir., 132 F.2d 213, 217.

■ The employer's duty to its employees is to use reasonable care and prudence to the end that the place in which they are required to work, and the appliances with which they work, are reasonably suitable and safe for the purpose, and in the circumstances, in which they are to be used. The test is not whether the tools to be used and the place in which the work is to be performed are absolutely safe, nor whether the employer knew the same to be unsafe, but whether or not the employer has exercised reasonable care and diligence to make them safe. Missouri Pac. R. Co. v. Aeby, 275 U.S. 426, 48 S.Ct. 177, 72 L.Ed. 351; Seaboard Air Line R. Co. v. Horton, 233 U.S. 492, 34 S.Ct. 635, 58 L.Ed. 1062; Hough v. Texas & P. R. Co., 100 U.S. 213, 25 L.Ed. 612; Washington & G. R. Co. v. McDade, 135 U.S. 554, 10 S.Ct. 1044, 34 L.Ed. 235; Baltimore & O. S. W. R. Co. v. Carroll, 280 U.S. 491, 50 S.Ct. 182, 74 L.Ed. 566; Yazoo & M. V. R. Co. v. Mullins, 249 U. S. 531, 39 S.Ct. 368, 63 L.Ed. 754; McGivern v. Northern Pac. Ry. Co., 8 Cir., 132 F.2d 213; Aqua System v. Kodakoski, 5 Cir., 88 F.2d 395, 398.

■ It is of course the duty of an employee to exercise reasonable and ordinary care for his own safety. If the employee's negligence was the sole proximate cause of his injury, he can not recover. If both employer and employee are guilty of negligence, the employee may recover, but his damages will be diminished in proportion to the amount of negligence attributable to the employee. Louisville & N. R. Co. v. Davis, 6 Cir., 75 F.2d 849; Chesapeake & O. Ry. Co. v. Richardson, 6 Cir., 116 F.2d 860; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967. Temporary conditions produced by the employee negligently using, or negligently failing to use, appliances provided by the employer, are not defects for which the employer is liable. Wood v. Davis, 5 Cir., 290 F. 1. Nor is it actionable negligence that an employer fails to anticipate lack of care on the part of an employee. McGivern v. Northern Pac. Ry. Co., 8 Cir., 132 F.2d 213.

■ The employer is not required to furnish the employee the latest, best, or most perfect appliances with which to work, nor to discard standard appliances already in use upon the discovery of later improvements, provided those in use are reasonably safe and suitable. Chicago & N. W. R. Co. v. Bower, 241 U.S. 470, 36 S.Ct. 624, 60 L.Ed. 1107, 1109; Baltimore & O. R. Co. v. Groeger, 266 U.S. 521, 45 S.Ct. 169, 69 L.Ed. 419.

■ The defendant requested, but was refused, specific charges based upon the foregoing principles. The only charge given by the trial court bearing upon the employer's duty is—"I charge you, Gentlemen of the jury, as a matter of law, if you find that the defendant company required its servant, C. C. Dixon, to work in a place which the railroad or its foreman knew to be unsafe, or which the foreman in the exercise of reasonable prudence ought to have known was unsafe, then the defendant is liable for the injuries to its servant if those injuries resulted from an unsafe and dangerous place to work, as alleged in the plaintiff's petition, and it

would be your duty to return a verdict for the plaintiff."

This charge is faulty in that it presents, as the sole criterion of liability, knowledge of the employer or its representative that the place or tools provided for the employee's use were unsafe, rather than the failure on the part of the employer to exercise reasonable care and prudence to that end, which is the recognized test. It should be modified to correctly state the duty of the employer as hereinabove defined. McGivern v. Northern Pac. Ry. Co., 8 Cir., 132 F.2d 213. The charge is also inadequate in that it omits other relevant and coordinate principles essential to a complete and accurate grasp by the jury of the considerations which underlie an employer's liability for negligent injuries to his employee. The charge should have been supplemented by appropriate charges upon the principles hereinabove set out, as requested by the defendant. The failure to do so can not be regarded as harmless error, as the principles above referred to are implicit in every action of this nature, and the parties are entitled to have the jury plainly and correctly instructed, so that there will be no misapprehension as to the law of the case. Cummings v. Pennsylvania R. Co., 45 F.2d 152.

For these reasons the judgment appealed from must be, and is

Reversed.