MARCADES v. NEW ORLEANS TERMINAL CO.

Civ. A. No. 3704.

United States District Court
E. D. Louisiana, New Orleans Division.
April 7, 1953.

Bentley G. Byrnes, New Orleans, La. and W. W. Ramsey, Vicksburg, Miss., for plaintiff.

Monroe & Lemann and Walter J. Suthon, Jr., New Orleans, La., for defendant.

WRIGHT, District Judge.

Plaintiff's complaint is based upon the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. It alleges that while acting as switchman for defendant he was injured in stepping from a tank car in defendant's railroad yard. The issues of fact and law having come on to be heard on the pleadings and proofs of the parties and due deliberation having been had, the court now makes the following findings of fact and conclusions of law:

## Findings of Fact

1. Plaintiff is employed by defendant as a yard crew switchman and has been so employed for the past several years. Defendant is a common carrier of freight in interstate commerce.

2. On the night of August 10–11, 1951 plaintiff was working for defendant in the Press Street Yards as a switchman of the yard crew engaged in general switching work. In these operations, the defendant, and plaintiff as its employee, were engaged in interstate commerce and in furtherance of interstate commerce.

3. Shortly after 3 A.M. on August 11, 1951, the yard crew of which plaintiff was a member was engaged in making up a freight train destined for an outbound interstate movement. Pursuant to his employment as switchman, plaintiff was riding on a tank car at the end of a line of cars coupled together for placement in the train being made up. The yard engine was at the other end of this line of cars. Upon the making of a coupling between the cars attached to the engine and some other cars which also were to go into the train being made up, the engine and cars came to a stop.

4. After this stop plaintiff attempted to step down from the steps of the tank car onto the area between the track on which the tank car had stopped and the adjacent track. In so doing, his left foot bearing his weight came to rest momentarily on a large piece of brick or clinker four or five inches in diameter which was partially embedded in the ground of the walkway. As a result, plaintiff's ankle was twisted and badly sprained.

5. At the time of his injury plaintiff was carrying his switchman's electric lantern which under ordinary circumstances could have been used in discovering the condition of the walkway.

6. The ankle sprain sustained by the plaintiff compelled him to discontinue work from August 11, 1951 to December 8, 1951. Plaintiff returned to work on October 2 and again on October 8, 1951, but on each occasion was forced to discontinue his em-

ployment because of the condition of his ankle.

7. Plaintiff has sustained no permanent injury. His sprained ankle, however, aggravated a pre-existing foot condition called pronation. Pain and discomfort from this condition has been largely if not entirely remedied by the use of a Thomas heel.

8. Plaintiff was treated for several weeks by doctors employed by the defendant and, when such treatment proved ineffective, by his own doctor, who presented a bill of $363.

9. The court finds plaintiff's damages to be as follows: Loss of wages, $1,300; personal medical expenses, $200, the balance of the doctor's bill being considered excessive; and $1,000 for pain and suffering.

## Conclusions of Law

1. The claim asserted by plaintiff against defendant is governed by the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59.

2. The Federal Employers' Liability Act does not make the employer an insurer of the safety of its employees. The employer is not held to an absolute responsibility for the reasonably safe condition of the place of employment, but only to the duty of exercising reasonable care to that end, the degree of care being commensurate with the danger reasonably to be anticipated. Atlantic Coast Line R. Co. v. Dixon, 5 Cir., 189 F.2d 525; Baltimore & O. S. W. R. Co. v. Carroll, 280 U.S. 491, 50 S.Ct. 182, 74 L.Ed. 566.

3. The test is not whether the place in which the work is to be performed is absolutely safe, nor whether the employer knew the same to be unsafe, but whether or not the employer has exercised reasonable care and diligence to make it safe. Atlantic Coast Line R. Co. v. Dixon, supra; Missouri Pacific R. Co. v. Aeby, 275 U.S. 426, 48 S.Ct. 177, 72 L.Ed. 351; Seaboard Air Line R. Co. v. Horton, 233 U.S. 492, 34 S.Ct. 635, 58 L.Ed. 1062. And the duty

to exercise reasonable care becomes more imperative as the risk increases. Bailey v. Central Vermont Railway, Inc., 319 U. S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Patton v. Texas & Pacific Ry. Co., 179 U.S. 658, 664, 21 S.Ct. 275, 45 L.Ed. 361.

4. The basis of the employer's liability is negligence, not the mere fact that the injury occurred. Except as otherwise provided in the Act, liability is determined by common-law principles which define negligence as lack of due care in the circumstances, that is, the doing of acts which a reasonably prudent person would not have done, or the failure to do what a reasonably prudent person would have done in the circumstances. Atlantic Coast Line R. Co. v. Dixon, supra; Ellis v. Union Pac. R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610; Missouri Pac. R. Co. v. Aeby, supra; McGivern v. Northern Pac. Ry. Co., 8 Cir., 132 F.2d 213.

5. An inference of negligence may be drawn from the fact that the brick or clinker on which plaintiff sprained his ankle was found in the walkway between the tracks where members of train crews would be expected to step on and off trains during switching operations. Defendant has offered no evidence to rebut this inference. It must be concluded therefore the defendant has failed in its duty to exercise reasonable care to provide plaintiff with a safe place to work. Brown v. Western Railroad of Alabama, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100; Southern Ry. Co. v. Puckett, 244 U.S. 571, 37 S.Ct. 703, 61 L.Ed. 1321.

6. Any negligence which may be attributable to plaintiff in failing to discover the presence of the clinker before he stepped down from the tank car would be de minimis. One dismounting at night by ladder during a switching operation from a tank car is not in the best possible position to make a survey of the ground on which he is required to step.

Judgment for plaintiff.