BIRD, Associate Justice.
The appellee was plaintiff in the Circuit Court of Duval County and recovered a judgment against the appellant therein. He was the lead switchman on the switching crew No. 2 of the Atlantic Coast Line Railroad Company. His duties consisted of switching the industrial tracks of Wilson & Toomer Fertilizer Company.
Shortly after dark on February 12, 1952, the appellee and a fellow crewman, Lee, in line of duty, entered upon the loading platform of Wilson & Toomer Company. Lee waited on the platform while Chancey, the appellee, entered the box car then being unloaded by employees of Wilson & Too-mer Company. He entered the car for the purpose of ascertaining whether the car was ready to be moved, and entered by way of a steel gangplank which had been placed upon the platform, slanting upward into the door of the car, by the employees of Wilson & Toomer Fertilizer Company. It was the duty of - said employees of the fertilizer company to nail or secure the gangplank for safety as they had done over a period of years.
While Chancey was in the car making his inspection his co-worker, Lee, noticed that the gangplank was not secure. Lee notified the employee of Wilson & Toomer Company, who was about to enter the car with a hand truck, of the insecure condition of the plank and told him to fix it. Before the man could secure it, the plaintiff, who had completed his inspection, came out of *873 the car, stepped upon the insecure gangplank and fell between the car and the platform, receiving injuries for which he sued both the Atlantic Coast Line Railroad Company and Wilson & Toomer Fertilizer Company.
After the suit was filed Wilson & Too-mer Company paid the plaintiff $12,500 for a covenant not to sue and was dismissed and the suit continued against the Railroad Company. It is not contended that this covenant is a release or settlement of plaintiff’s claim.
The gangplank and the platform belonged to the Wilson & Toomer Fertilizer Company and the men unloading the car were all its employees and they usually nailed or secured the gangplank. The plaintiff had never, to his knowledge, been over the gangplank when it was not fastened down and he did not know tha't it was not secure on this occasion. It appears that both he and his co-worker had flash lights at the time.
The action is brought under the Federal Employers’ Liability Act; Title 45 U.S. C.A. § 51, the germane part of which reads as follows:
“Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee’s parents; and, if none, then the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, tracks, roadbed, works, boats, wharves, or other equipment.”
In the well considered case of Atlantic Coast Line Railroad Company v. Dixon, 189 F.2d 525, 526, Circuit Judge Strum of the Fifth Circuit, very aptly states:
“The Federal Employers’ Liability Act does not make the employer an insurer of the safety of its employees while they are on duty. The Employer is not held to an absolute responsibility for the reasonably safe condition of the place, tools and appliances, but only to the duty of exercising reasonable care to that end, the degree of care being commensurate with the danger reasonably to be anticipated. Baltimore & O. S. W. R. Co. v. Carroll, 280 U.S. 491, 50 S.Ct. 182, 74 L.Ed. 566. The basis of the employer’s liability is its negligence, not the mere fact that the injury occurred. Except as otherwise provided in the Act, liability is determined by common law principles which define negligence as lack of the due care in the circumstances, that is, the doing of acts which a reasonably prudent person would not have done, or the failure to do what a reasonable prudent person would have done in thd circumstances, or both. * * *
“The Employers’ duty to its employees is to use reasonable care and prudence to the end that the place in which they are required to work, and the appliances with which they work, are reasonably suitable and safe for the purpose, and in the circumstances, in which they are to be used. The test is not whether the tools to be used and the place in which the work is to be performed are absolutely safe, nor whether the employer knew the same *874 to be unsafe, but whether or not the employer has exercised reasonable care and diligence to make them safe. * * *
“It is of course the duty of an employee to exercise reasonable and ordinary care for his own safety. If the employee’s negligence was the sole proximate cause of his injury, he cannot recover. If both employer and employee are guilty of negligence, the employee may recover, but his damages will be diminished in proportion to the amount of negligence attributable to the employee”.
The evidence shows that the fellow employee, Lee, while standing on the platform noticed the unsafe condition of the gangplank while the plaintiff was in the car. Lee also knew that it would take but a short time for the plaintiff to finish his inspection and be returning over the gangplank and it became a question of fact to be determined by the jury whether he acted as a reasonable and prudent person under the circumstances, taking into consideration the suddenness of the emergency, in not warning the plaintiff of the danger. The time elapsing between the discovery of the dangerous condition and the fall seems to be in some uncertainty. Lee testified that it was “a fraction of a second” and also “approximately a half a minute”. Certainly it was of sufficient duration for Lee to notify the employee of Wilson & Toomer Company to fix the gangplank and the jury might reasonably find that he should have at the same time notified the plaintiff.
We think the question of negligence under the circumstances was for the jury, since reasonable men might well differ. Loftin v. Wilson, Fla., 67 So.2d 185; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610.
The judgment is therefore affirmed.
TERRELL, Acting C. J., and SEBRING and MATHEWS, JJ., concur.