993 F.2d 1537
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Foy LANHAM, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INCORPORATED; The Baltimore & Ohio
Railroad; The Chesapeake & Ohio Railway Company,
Defendants-Appellees.
 No. 92-2310.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 31, 1993
Decided: June 2, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CA-91-717-3)
 Ira Eliot Hoffman, Savage & Schwartzman, P.A., Baltimore, Maryland, for Appellant.
 Fred Adkins, Huddleson, Bolen, Beatty, Porter & Copen, Huntington, West Virginia, for Appellee.
 rving Schwartzman, Savage & Schwartzman, P.A., Baltimore, Maryland, for Appellant.
 Angela W. Konrad, Huddleson, Bolen, Beatty, Porter & Copen, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 William Lanham brought this action against CSX Transportation, Inc. (CSX) under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60 (1988). At the close of Lanham's evidence, the district court granted CSX's motion for judgment as a matter of law. The sole issue on appeal is whether Lanham failed to establish as a matter of law that CSX acted negligently in providing him with a truck that had defective tires. Because we find that CSX was not negligent and that, even it if were, Lanham's injuries were caused solely by his own negligence, we affirm the district court's order.
 
 I.
 
 2
 Lanham, a CSX lead signal maintainer, was assigned to cover the route of Don Becklehimer for two weeks while Becklehimer was on vacation. Becklehimer provided Lanham his assigned company owned vehicle for Lanham's use while covering his route and informed Lanham that the tires were worn and needed to be replaced.[1]
 
 
 3
 Ten days later, Lanham took Becklehimer's truck to an Exxon service station in Logan, West Virginia, where the attendant informed Lanham that the tires were "in awful bad shape" and needed to be replaced. (J.A. at 22.) Lanham called his supervisor, Wandell Stewart, to ask for authorization to purchase the tires at Exxon. Stewart responded that Lanham could purchase tires only from a Goodyear or Firestone store. The nearby Firestone store, however, did not have the appropriate size of Michelin radials in stock.
 
 
 4
 Lanham drove the truck for the remainder of the week without incident. He did not stop at another Firestone or Goodyear store during that time because the stores were closed when he was off duty. Lanham admitted, however, that the company would pay employees for the time necessary to service a company-owned vehicle and would also pay for the repairs.[2] Furthermore, Lanham acknowledged that employees have the responsibility to have any necessary maintenance or repair work done on their assigned company-owned vehicles.
 
 
 5
 Early Sunday morning, Lanham received a call at home from his dispatcher directing him to repair a malfunctioning signal located over an hour away from his house. While on the way, one of the tires on Becklehimer's truck blew, Lanham lost control of the vehicle, the truck rolled over, and Lanham fell out an open door. As a result, Lanham suffered serious injuries.
 
 II.
 
 6
 Under FELA, an employee of a common carrier may recover from his employer for personal injuries suffered during his employment if the injuries resulted "in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. § 51. FELA, however, does not make the employer an insurer for all injuries that occur on the job; instead, the employee must show negligence on the part of the employer. Wilkerson v. McCarthy, 336 U.S. 53, 61 (1949). A plaintiff is entitled to go to the jury if "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." Rogers v. Missouri Pac. R.R., 352 U.S. 500, 506 (1957). However, there "must be more than a scintilla [of evidence of employer negligence] before the case may be properly left to the discretion of the trier of fact-in this case, the jury." Brady v. Southern Ry., 320 U.S. 476, 479 (1943).
 
 
 7
 Lanham argues that he was entitled to go to the jury because CSX provided him with a truck that had defective tires. An employer is only liable, however, if its actions with regard to the defective equipment were negligent. 45 U.S.C. § 51. "The employer is not held to an absolute responsibility for the reasonably safe condition of the place, tools, and appliances, but only to the duty of exercising reasonable care to that end." Baltimore & O.S.W.R.R. v. Carroll, 280 U.S. 491, 496 (1930).
 
 
 8
 CSX places the responsibility of maintaining company-owned vehicles on the employees driving them. The company placed in each company-owned vehicle a list of approved service centers and gave each employee-driver a company credit card to pay for any repair or maintenance work at CSX's expense. Thus, from the moment Lanham received Becklehimer's truck, CSX had provided him with the means to have the worn tires replaced. Moreover, when Lanham notified his CSX supervisor of the problem, the supervisor reminded Lanham where he needed to go to get new tires.
 
 
 9
 Lanham argues, however, that a railroad may not delegate its duty to provide its employees with a safe work place and defect-free equipment, and consequently CSX was negligent by requiring the employees to maintain the vehicles. Lanham cites Shenker v. Baltimore & O.R.R., 374 U.S. 1, 7-8 (1963), to support this proposition. Shenker is not on point because it addresses whether an employer's duties under FELA are delegable. Id. at 8. CSX has not delegated its duties. It has merely chosen to discharge those duties through its responsible agent, Lanham. Lanham has provided no basis for second guessing that decision.
 
 
 10
 Even if CSX were negligent in providing Lanham a truck with defective tires, the proximate cause of the accident was Lanham's failure to replace the tires in accordance with CSX's instructions. An employer is not liable under FELA if the evidence establishes that the sole cause of an employee's injuries is the employee's failure to exercise reasonable care for his own safety. See MacPherson v. Boston & Maine Corp., 439 F.2d 1089, 1091 (1st Cir.) (freight train conductor stopped train next to large snow mound and broke his leg when trying to climb down over the mound), cert. denied, 404 U.S. 947 (1971); Chesapeake & O. Ry. v. Burton, 217 F.2d 471, 474 (4th Cir. 1954) (employer not liable for employee's injuries upon being hit by truck because employee stepped in front of truck). An employer is not liable where it has no reason to believe its employees will be careless about their own safety. See MacPherson, 439 F.2d at 1091; McGivern v. Northern Pac. Ry., 132 F.2d 213, 218-19 (8th Cir. 1942) (railroad could not have foreseen that employee would not use snow and ice equipment provided by the railroad to keep the train's footboards free from accumulating ice).
 
 
 11
 From the time he obtained the truck, Lanham knew that the tires needed to be replaced. For at least three days prior to the accident, Lanham knew where to purchase the new tires. Instead of replacing the tires or driving his own truck, Lanham chose to drive Becklehimer's truck. In our view, the accident was solely due to Lanham's failure to replace the tires and CSX is not liable for its failure to anticipate Lanham's careless disregard for his own safety. See MacPherson, 439 F.2d at 1091; McGivern, 132 F.2d at 218-19.
 
 III.
 
 12
 For the reasons stated above, we affirm the order of the district court granting CSX judgment as a matter of law.
 
 AFFIRMED
 
 
 [1]
 Lanham also was assigned a company-owned truck, and he conceded at argument he could have used this vehicle instead of Becklehimer's vehicle during the two week period in question
 
 
 [2]
 Lanham argues that an employee could only take time off from work if another person was available to cover his route. However, Lanham did not ask his supervisor if anyone were available to cover his route so that he could have the necessary time off