Robert E. THORNTON, Plaintiff,

v.

The ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, a Delaware corporation, Defendant.

No. CV 96–1149 SC/RLP.

United States District Court,
D. New Mexico.

Oct. 24, 1997.

John J. Rossi, Rossi, Cox, Kiker & Inderwish, Aurora, Colorado, Mark J. Riley, Riley, Shane & Hale, Albuquerque, NM, for Plaintiff.

Timothy L. Fields, Earl E. DeBrine, Jr., Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM, for Defendant.

## MEMORANDUM OPINION AND ORDER

CAMPOS, Senior District Judge.

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment, filed August 29, 1997 (Doc. No. 40). Two other motions are pending: Plaintiff's Motion in Limine, filed August 15, 1997 (Doc. No. 34); and Defendant's Motion in Limine to Exclude Evidence Regarding Payments by Defendant to Plaintiff and on Plaintiff's Behalf, filed September 10, 1997 (doc. No.45).

For the reasons contained in this opinion, the motion for summary judgment will be GRANTED. Because summary judgment will be entered for Defendant, the motions in limine are moot.

## Background

This case is brought under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* Plaintiff seeks damages from his employer, Defendant Atchison, Topeka & Santa Fe Railway Company ("AT & SF") for a neck injury he suffered in an on-the-job accident that occurred on August 26, 1993.

## Summary Judgment Standards

Summary judgment is proper only when there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), The evidence must be viewed in a light most favorable to the party opposing the motion, and the Court may not weigh evidence but must decide whether a reasonable trier of fact could return a verdict for the plaintiff on the evidence presented. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Dreiling v. Peugeot Motors of America, Inc.,* 850 F.2d 1373, 1377 (10th Cir.1988). Factual inferences tending to show triable issues must be resolved in plaintiff's favor. *Instructional Systems Dev. Corp. v. Aetna Casualty & Surety Co.,* 817 F.2d 639, 642 (10th Cir.1987). However, the party opposing summary judgment must make a showing sufficient to establish the existence of each element essential to that party's case and on which that party would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## Factual Background

Plaintiff was employed by AT & SF as a signalman for over 15 years. In the morning of August 26, 1993, he and a co-worker were finishing up dirt work around a signal house they had installed in the Raton, New Mexico railway yard when they discovered a flat tire on the backhoe they were using. They removed the tire and took it to be repaired. Later that day, Plaintiff replaced the tire using a cross-type lug wrench to tighten the lug nuts. While tightening one of the nuts, the wrench slipped off, causing Plaintiff to fall and injure his neck.

Plaintiff was not provided any training for this type of work, nor was he provided a tool specific to the backhoe tractor to assist him in changing the tire. About two years after the injury, Plaintiff had surgery on his neck. He has had to do physical therapy, and has had restrictions placed on some of his physical activities, such as lifting and pole climbing. Additionally, he has been unable to work in his previous position as a signalman.

## Discussion

■■■ Under the FELA, railroads are liable for employee injuries that result "in whole or in part" from the negligence of the railroads' officers, agents, or employees. 45 U.S.C. § 51. The FELA places a duty upon railroads "to use reasonable care in furnishing its employees with a safe place to work." *Atchison, Topeka, & Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 558, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). Under the FELA, the degree of negligence need not be great; the inquiry in these cases is "simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury...." *Rogers v. Missouri Pac. Ry.,* 352 U.S. 500, 506–508, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). The negligent employer is liable for the all damages caused by the injury without comparing the negligence of others who may be partly at fault, including the employee himself. *Id.* at 507–08, 77 S.Ct. 443.

Defendant asserts two grounds for seeking summary judgment. First, it contends that Plaintiff has no evidence that there was anything wrong with either the lug nuts on the wheel or the wrench he used to change the tire. Second, it claims that the three-year statute of limitations expired because Plaintiff's neck injury was caused by a previous incident that occurred in March 1993.

■■■ In support of its first contention, Defendant comes forward with the following evidence that there was nothing wrong with the equipment and tools used by Plaintiff. Plaintiff gave a notarized, written statement after the accident stating that "there was nothing defective with the lug wrench

[and][t]he nuts were not warn [sic] out." Def.Ex. C at 3; Def.Ex. D; Depo. Thornton at 79–80. In his written statement, Plaintiff also stated that he "probably did not have the lug wrench on square." Def.Ex. C at 3. Also, the backhoe with the flat tire was a Case, model 580C. The Case company does not manufacture a lug wrench that is supplied with the backhoe. Def.Ex. E (Depo. Grant at 22–23).

The railroad's duty is to provide adequate and reasonably safe tools and equipment. *Ferguson v. Moore–Mc Cormack Lines, Inc.,* 352 U.S. 521, 522, 77 S.Ct. 459, 1 L.Ed.2d 515 (1957); *Baltimore & O S W R Co. v. Carroll,* 280 U.S. 491, 496, 50 S.Ct. 182, 74 L.Ed. 566 (1930). Having reviewed Defendants' motion. I conclude that Defendant has sufficiently demonstrated the absence of a genuine issue of material fact on whether it was negligent. Having made such a showing, Plaintiff must come forward with sufficient evidence to show that some act of employer negligence played any part, even the slightest, in producing the injury for which damages are sought. *Hurley v. Patapsco & Back Rivers R.R. Co.,* 888 F.2d 327, 329 (4th Cir.1989).

In his deposition Plaintiff stated: "The wrench that I was using wasn't the one provided by the tractor." Depo. Thornton at 101. The problem is that Plaintiff has no evidence whatsoever, other than his own statement to that effect (Depo. Thornton at 126) that Case provided a special lug wrench with the equipment in question. Plaintiff's statement is a mere self-serving allegation that is unsupported by admissible evidence. Even if there were such a special tool, Plaintiff has no evidence that the wrench he used was the wrong size or was not otherwise reasonably safe. He has testified that the wrench was not defective, and there is no evidence that it was unfit for the use to which he put it. Thus, Plaintiff has failed in his burden to show that Defendant was in any way negligent in supplying the wrong tool or a defective tool for the job.

 Plaintiff's response brief contains for the first time an allegation that Plaintiff was not provided training in how to change a tire on the backhoe. He has pointed to no evidence in the record that would indicate that Defendant had a duty to provide an experienced employee specific training to change a tire that was only "a little bigger than a car tire." Def.Ex. C at 2. Plaintiff testified in his deposition that he had changed tires many times before, occasionally on that specific piece of equipment, that there was nothing unique or different about this tire, that he felt it was safe to change the tire by himself, and so forth. *See* Depo. Thornton at 95–96. Plaintiff cannot meet his burden on summary judgment by substituting argument for evidence. There is no evidence showing the existence of a genuine issue for trial on the training issue.

The lack of evidence of any type of negligence is fatal to Plaintiff's FELA claim.

I do not reach the question of timeliness of the complaint. Likewise, the motions in limine are moot as there will be no trial.

NOW THEREFORE IT IS ORDERED that Defendant's Motion for Summary Judgment should be and is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine and Defendant's Motion in Limine to Exclude Evidence Regarding Payments by Defendant to Plaintiff and on Plaintiff's Behalf are MOOT.