**Michael W. HURLEY, Plaintiff–Appellant,**

v.

**PATAPSCO & BACK RIVERS RAILROAD COMPANY, a body corporate, Defendant–Appellee.**

No. 89–2909.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1989.

Decided Nov. 1, 1989.

Gerald Francis Gay (Herbert J. Arnold, Arnold, Beauchemin & Tingle, P.A., Baltimore, Md., on brief), for plaintiff-appellant.

Rudolph Lee Rose (Robert T. Franklin, P. Matthew Darby, Semmes, Bowen & Semmes, Baltimore, Md., on brief), for defendant-appellee.

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation; WIDENER and CHAPMAN, Circuit Judges.

PER CURIAM:

The questions presented are whether the district court erred in granting appellee's motion for a directed verdict at the end of appellant's case and in granting appellee's motion in limine to exclude certain evidence. We find no error, and accordingly affirm.

I.

Appellant Michael W. Hurley has been employed by appellee railroad company since July 7, 1974, as an expert machinist in the Locomotive Repair Shop. Prior to this employment, he completed a four year apprenticeship program involving 8,000 hours of training. Appellant is the only employee in the shop who is qualified to operate the Reed–Prentice lathe. As such, appellant manages his own schedule and determines how each lathe job will be set up. He conducts his own inspections of the lathe and is responsible for ensuring that it is safe to operate.

On October 21, 1985, appellant began using the lathe to file down a sheave, a piece of equipment designed to hold multiple fan belts. As was his standard practice, appellant secured the sheave in the lathe with a C-clamp. Because he was cold, he wore a loose-fitting sweater he had brought from home. At approximately 8:50 a.m., he "leaned in to file the burrs off the sheave." Testimony of Michael W. Hurley, Joint Appendix ("J.A.") at 67. His sweater was caught on the C-clamp, and appellant was pulled into the lathe. He suffered a collapsed right lung, left rib fractures, and a fractured left scapula.

Appellant brought this action in the District of Maryland pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51. Prior to trial, the district court granted appellee's motion in limine and excluded all evidence concerning alternative designs for the lathe, including alternative guarding procedures. Thus, appellant was precluded from presenting evidence that other lathes on appellee's premises were equipped with guards over the clamp.

The case was tried to a jury on November 30 and December 1, 1988. Appellant's primary contention at trial was that appellee provided inadequate lighting and that this negligence caused appellant's injuries. The Reed–Prentice lathe receives light

from two sources: a series of overhead lucalux lights and daylight through a large bank of windows eight to ten feet from the lathe. Unlike some of the other machines in the shop, the Reed–Prentice lathe did not have an individual fluorescent light.

Appellant testified that the windows were dirty and had not been cleaned for years. Appellant also testified that, as a result of the poor lighting, his body cast a shadow over the lower part of the lathe and that there was no direct illumination at the point where his sweater was pulled into the lathe. He further testified that he had requested individual lighting for the Reed–Prentice lathe four or five years before the accident. He never repeated this request.

At the close of appellant's case, appellee moved for a directed verdict pursuant to Fed.R.Civ.P. 50(a). During argument on this motion, the district court judge repeatedly asked appellant's counsel to indicate what evidence there was of negligence by appellee. *See* J.A. at 133–135, 152, 164. After argument, the court granted appellee's motion. The court emphasized appellant's status as a highly trained employee with exclusive responsibility for the safe operation of the Reed–Prentice lathe. The court also found that a four or five year old request for direct lighting was not legally sufficient evidence to support an inadequate lighting claim. The court concluded that the evidence left no doubt that appellee was not negligent and that appellant was solely responsible for the accident.

## II.

■ An FELA claim must survive a motion for a directed verdict and proceed to the jury if "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). But the plaintiff still has the burden of proving some act of negligence by the railroad. *See Inman v. Baltimore & Ohio R.R. Co.*, 361 U.S. 138, 140, 80 S.Ct. 242, 243, 4 L.Ed.2d 198 (1959); *Ambold v. Seaboard*

*Air Line R.R. Co.*, 345 F.2d 30, 33 (4th Cir.), *cert. denied*, 382 U.S. 831, 86 S.Ct. 70, 15 L.Ed.2d 75 (1965). Even viewing the facts in the light most favorable to appellant, we cannot find any legally sufficient evidence of appellee's alleged negligence.

Appellant operated the Reed–Prentice lathe under these lighting conditions without incident for many years before the accident. Although he once requested direct lighting, he did not consider the request important enough to mention again. Appellant was the only employee qualified to operate the Reed–Prentice lathe. Without notice from appellant as to possibly dangerous conditions not evident to a layperson, appellee had no opportunity to correct these conditions and cannot be found negligent. *Cf. Inman, supra*, 361 U.S. at 140, 80 S.Ct. at 243 (considering the absence of similar accidents in the past and the absence of complaints about the allegedly dangerous conditions probative of an absence of negligence by the railroad).

The only evidence appellant presented in support of his inadequate lighting claim was his own testimony and three photographs taken in the repair shop on October 21, 1985. The district court found that the jury could not discern from the photographs the amount of light in the repair shop generally or at the Reed–Prentice lathe. *See* J.A. at 165. Even if the amount of light were discernible from the photographs, appellant presented no evidence that the light was inadequate for safe operation of the lathe. He did not, for example, present the testimony of an expert witness regarding the proper lighting conditions for safe operation of a Reed–Prentice lathe. His own conclusory assertions that the lighting was inadequate are not sufficient to survive a motion for a directed verdict. Appellant's evidence in this case was such that the jury could have reached a verdict in his favor only by speculating. As such, the district court's granting of appellee's motion for a directed verdict was proper and must be affirmed. *See Kuberski v. New York Central R.R. Co.*, 359 F.2d 90, 92 (2d Cir.1966), *cert. denied*, 386 U.S. 1036, 87 S.Ct. 1475, 18 L.Ed.2d 600 (1967).

Furthermore, appellant never provided an evidentiary link between the allegedly inadequate lighting and his accident. He presented no evidence as to why the lighting in the repair shop made operation of the lathe dangerous or how direct lighting could have prevented this accident. Indeed, appellant testified that he had worked the 3:00 p.m. to 11:00 p.m. shift and had never had a similar accident, in spite of the lack of any natural illumination from the windows after sundown.

Given the evidence presented, the district court properly concluded that plaintiff's negligence was the sole proximate cause of the accident. Appellant was injured because he wore a loose-fitting sweater and "leaned in" too close to the lathe. Absent speculation, no act or omission of appellee can be said to have played any role in causing appellant's injuries. When an employee's own negligence is the sole proximate cause of his injuries, the employer cannot be found liable pursuant to FELA. *See Tennant v. Peoria & Pekin Union Ry. Co.*, 321 U.S. 29, 32, 64 S.Ct. 409, 411, 88 L.Ed. 520 (1944); *Barnett v. Terminal R.R. Assoc. of St. Louis*, 228 F.2d 756 (8th Cir.), *cert. denied*, 351 U.S. 953, 76 S.Ct. 850, 100 L.Ed. 1476 (1956). Thus, the district court properly granted appellee's motion for a directed verdict.

### III.

Appellant contends that the district court erred in excluding testimony by appellant that he observed guards covering the rotating machine chuck on another lathe in another machine shop on appellee's premises. In support of this contention, appellant notes *Eggert v. Norfolk & Western Ry. Co.*, 538 F.2d 509 (2d Cir.1976). In *Eggert*, the plaintiff fell and struck his knee on a brake valve lever. The court held that "evidence of the practices of other railroads with respect to brake valve guards is highly relevant since the existence of alternatives would be significant on the issue of whether defendants acted reasonably in the present case." *Id.* at 512.

■ The significance of such evidence, however, is directly related to the similarity between the two situations being compared. In this case, plaintiff was the only employee qualified to operate the Reed-Prentice lathe. That lathe was unlike any other lathe operated on appellee's premises. Absent some evidence of similarity between the lathe observed with a guard and the Reed-Prentice lathe, evidence with respect to the guarded lathe is irrelevant to the issue of appellee's negligence. Without additional evidence, appellant would be asking the jury to speculate that, because a different lathe had a guard, appellee should have provided a guard for the Reed-Prentice lathe. The district court properly excluded this unsupported and speculative testimony.

### IV.

We think the district court correctly granted appellee's motion to exclude evidence of guards on other lathes and appellee's motion for a directed verdict at the end of appellant's case. The judgment of the district court is therefore

AFFIRMED.