912 F.2d 464
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Whitman SINK, Plaintiff-Appellant,
v.
NORFOLK & WESTERN RAILWAY COMPANY, Defendant-Appellee.
 No. 89-2462.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1990.
Decided Aug. 31, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-88-674-R)
 Roger John Greezicki, Baltimore, Md. (Argued), for appellant; Irving Schwartzman, Savage & Schwartzman, Baltimore, Md., on brief.
 Frank Kenneth Friedman, Woods, Rogers & Hazlegrove, Roanoke, Va. (Argued), for appellee; William B. Poff, Thomas A. Leggette, Woods, Rogers & Hazlegrove, Roanoke, Va., on brief.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and N. CARLTON TILLEY, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Whitman Sink appeals an order of the district court directing a verdict for appellee railroad at the close of Sink's evidence in a negligence action brought under the Federal Employers' Liability Act. We affirm.
 
 I.
 
 2
 Appellant Whitman Sink was employed by appellee Norfolk & Western as a welder in N & W's shops in Roanoke, Virginia. On February 10, 1986, Sink's supervisor, Lynch, told him to go outside in the rain to load some I-beams. Sink requested that a coworker be allowed to assist him in this task. Lynch told Sink that he needed no help, but that Lynch would help him if he did.
 
 
 3
 Without Lynch's assistance, Sink loaded the I-beams. This task required Sink to attach a "dog" (a clamp that bites down on an object) from a crane onto each I-beam, and then to steer the beam with his hands as a crane operator loaded it on a dolly. Sink performed this task alone without incident.
 
 
 4
 Lynch next asked Sink to unload two channel bars and place them on an already existing 12-inch-high pile of channel bars. Each bar weighed 93 pounds. Sink admitted at trial that he has no difficulty lifting 93 pounds, and that Lynch stood by and could have helped him had he required any assistance.
 
 
 5
 Sink grabbed a bar by one end and dragged it to the pile. When he arrived, he intentionally dropped the bar onto the pile; it bounced onto and broke Sink's left foot. He testified that he did not simply lower the bar onto the pile because he feared a back injury from bending over.
 
 
 6
 Sink brought this action on December 30, 1988, under the Federal Employers' Liability Act, 45 U.S.C. Secs. 51-60. He alleged that N & W was negligent in failing to maintain a safe workplace, to provide him safe tools and equipment, to provide him necessary help to perform his assigned tasks, and to provide a safer means of performing those tasks. Sink sought $500,000 damages.
 
 
 7
 Trial was held before a jury on September 6, 1989; however, at the close of Sink's case, the district court granted N & W's motion for a directed verdict. Sink appeals.
 
 II.
 
 8
 A FELA claim will survive a motion for a directed verdict and proceed to the jury if "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." Rogers v. Missouri Pacific R.R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). But the plaintiff still has the burden of proving some act of negligence by the railroad. See Inman v. Baltimore & Ohio R.R. Co., 361 U.S. 138, 140, 80 S.Ct. 242, 243, 4 L.Ed.2d 198 (1959); Ambold v. Seaboard Air Line R.R. Co., 345 F.2d 30, 33 (4th Cir.), cert. denied, 382 U.S. 831, 86 S.Ct. 70, 15 L.Ed.2d 75 (1965).
 
 
 9
 Hurley v. Patapsco & Back Rivers R. Co., 888 F.2d 327, 329 (4th Cir.1989).
 
 
 10
 In this case, the only evidence of purported negligence offered by Sink was his own testimony. From our review of it, we must agree with the district court that Sink presented no evidence of N & W's negligence. On appeal, Sink posits four theories in support of his case. We will address them in turn.
 
 
 11
 (1) Failure to maintain a reasonably safe place to work--Sink presented absolutely nothing to show what a reasonably safe railroad machine shop is. This court has held that a railroad employee's conclusory allegation that his workplace was unsafe is insufficient to survive a motion for directed verdict. Hurley, 888 F.2d at 329.
 
 
 12
 (2) Failure to provide safe tools and equipment--The parties dispute whether there was equipment present that could have helped Sink. Nonetheless, Sink admitted that he had loaded channel irons by himself without equipment before, and had seen his coworkers do so as well. Sink failed to make any showing that loading irons in this manner is not reasonably safe. Sink has no trouble lifting 93 pounds; in fact, because he dragged one end of the channel iron, he actually lifted less than 93 pounds.
 
 
 13
 (3) Failure to provide assistance--N & W's work rules, with which Sink testified he was familiar, require employees to request assistance if they must lift weights beyond their capacities. Lynch, Sink's supervisor, stood by to help. Sink requested no assistance, and needed none--he admitted that he could lift the required weight easily.
 
 
 14
 (4) Failure to provide a safer means of performing the task--Even if Sink had presented evidence of it, this theory does not necessarily state a claim for negligence. A railroad has no duty to provide the latest, best, or most perfect appliances for its employees to perform their tasks; instead, the question is whether the means used are reasonably safe. Atlantic Coast Line R.R. Co. v. Dixon, 189 F.2d 525, 527 (5th Cir.), cert. denied, 342 U.S. 830 (1951). In any event, Sink presented no evidence of the safer means he would like the railroad to adopt.
 
 
 15
 The railroad also points out that Sink presented no evidence that the railroad should have foreseen that he would have injured himself in the way that he did. Foreseeability of an injury is an essential element of railroad FELA claims. Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108 (1963).
 
 
 16
 In short, Sink suffered an unfortunate injury. Nonetheless, the mere happening of an untoward event does not establish that it resulted from the fault of someone. We conclude that the district court correctly directed a verdict for the railroad.
 
 
 17
 AFFIRMED.