947 F.2d 941
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John OVERSTREET, Plaintiff-Appellant,
v.
NORFOLK & WESTERN RAILWAY COMPANY, Defendant-Appellee,
and
Norfolk Southern Corporation, Defendant.
 No. 90-2188.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 8, 1991.
Decided Oct. 31, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-89-549-R)
 Irving Swartzman, Roger J. Greezicki, Savage & Swartzman, Baltimore, Md., for appellant.
 William B. Poff, Frank K. Friedman, Leslie E. Hagie, Woods, Rogers & Hazlegrove, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The question in this appeal is whether John Overstreet presented sufficient evidence of negligence on the part of his employer, Norfolk and Western Railway Co. (N & W), to survive a motion for directed verdict in this action instituted pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 (1988) (FELA). After de novo review, we affirm the decision of the district court.
 
 
 2
 Overstreet, a utility accountant for N & W, was instructed to make approximately 300 copies of a letter on March 11, 1987. Because the copier in his department was broken, Overstreet went to use a basement copier, to which all employees had access. He had made roughly 120 copies when the machine stopped running because it was out of paper. The bins next to the copier, which ordinarily contained additional paper, were empty. However, cases containing ten reams of paper each were stacked on the floor. Overstreet slid one case out, then lifted it and placed it on a table. As he lifted the box, he injured his back.
 
 
 3
 Overstreet filed suit pursuant to FELA, alleging that N & W's negligence was the proximate cause of his injury. At the close of Overstreet's evidence, N & W moved for a directed verdict on the basis that no negligence on its part had been established. The district court granted the motion, finding that Overstreet had failed to present sufficient evidence of negligence. This appeal followed.
 
 
 4
 FELA imposes liability on employers covered by the statute for injuries sustained by employees as the result of the employer's negligence. 45 U.S.C. § 51. Essential to recovery in a FELA action is a showing that the injury was foreseeable. Gallick v. Baltimore & O.R.R., 372 U.S. 108, 117 (1963).
 
 
 5
 To survive a motion for directed verdict, a plaintiff must do more than merely demonstrate that an injury occurred. Sowards v. Chesapeake & O. Ry., 580 F.2d 713, 714 (4th Cir.1978). He must introduce evidence that goes beyond his own conclusory allegations of employer negligence, and he must present sufficiently specific facts to enable a jury to reach a verdict in his favor that is based on more than mere conjecture or speculation. Hurley v. Patapsco & B.R. R.R., 888 F.2d 327, 329 (4th Cir.1989).
 
 
 6
 In this case, Overstreet did not meet his burden of showing that the injury was foreseeable. Thus, this was not a case that should have gone to the jury. Nothing in the record suggests that N & W should have been on notice that Overstreet might injure himself as he did. There was testimony that no such injury ever had occurred at N & W, and nobody had lodged a complaint about how copier paper was stored. Overstreet himself testified that he previously had lifted cases of copying paper without hurting himself, and that he felt on the date of his injury that he was capable of lifting a forty-pound case of paper without harm. The absence of similar incidents in the past and the absence of complaints about allegedly dangerous conditions tend to prove that there was no negligence. Id. at 329; see Inman v. Baltimore & O. R.R., 361 U.S. 138, 140 (1959).
 
 
 7
 A railroad is not negligent for failing to anticipate a lack of care on the part of an employee. Marcell v. Sea-Land Serv., Inc., 883 F.2d 20, 23 (5th Cir.1989). N & W could not have reasonably foreseen that Overstreet would attempt to lift the entire case of copier paper to a table, instead of opening the case while it was on the floor and removing the paper one ream at a time. Overstreet himself testified that he previously had used this method to obtain paper, and he suggested that he knew it would have been less hazardous for him to have used this method on the date of the injury.
 
 
 8
 Because the evidence presented does not suggest "the conclusion that employer negligence played any part, even the slightest, in producing the injury," Rogers v. Missouri P. R.R., 352 U.S. 500, 506 (1957), the district court was correct in granting N & W's motion for directed verdict. As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument and affirm the judgment of the district court.
 
 
 9
 AFFIRMED.