**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1671

GUY R. METTLE, SR.,

Plaintiff - Appellant,

versus

CSX TRANSPORTATION, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (1:05-cv-01285-WMN)

Submitted:  January 24, 2007          Decided:  March 7, 2007

Before WILKINS, Chief Judge, and WILLIAMS and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell A. Kaye, Lawrence Alan Katz, COFFEY, KAYE, MYERS & OLLEY, Bala Cynwyd, Pennsylvania, for Appellant.  Stephen B. Caplis, Emily A. Daneker, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Guy Mettle, Sr. filed a complaint against Appellee CSX Transportation, Inc. (CSXT), alleging violations of the Federal Employers' Liability Act (FELA), 45 U.S.C.A. § 51 et seq. (West 1986 & Supp. 2006). CSXT filed a motion for summary judgment, which was granted by the district court. Finding no error in the district court's well-reasoned opinion, we affirm.

I.

CSXT is a class one railroad engaged in interstate commerce. Mettle was employed in CSXT's signal department for approximately thirty-six years. Mettle alleged that he was injured on December 23, 2004, while working as a signal maintainer in North East, Maryland. His job required him to inspect and repair the railroad signal system.

On the day in question, which was characterized as rainy and wet, a CSXT dispatcher called Mettle to report a problem at the Harbison Walker Intermediate Signal. Mettle was informed that a "track circuit pumping" problem existed, which meant that the track was indicating it was occupied even though there was no train in the area. (J.A. at 56-57.) At approximately 11:00 a.m., Mettle went to the problem location and determined that a number of "rail slivers" were shorting the track. Mettle explained that "rail slivers" are caused "[t]hrough train movement and the shifting,

2

especially in curves." (J.A. at 59.) The train "applies a lot of friction on [the] rail and will actually wear the rail down, the size on the head, so metal slivers come off in all different sizes and widths, but most of them are kind of thin." (J.A. at 59-60.)

Mettle was able to successfully remove the problematic slivers. He then decided to test the track to determine if he had fixed the problem. To test the track, he squatted down and leaned forward to take a track reading with a volt meter. At that point, Mettle's right foot slipped off the railroad tie. He was able to regain his balance, but in doing so, Mettle alleged that he was forced to awkwardly twist his body. Mettle worked the remainder of his shift, but was forced to seek medical attention a few days later because of back pains. He believes that it was the above-described twisting motion that injured his back.

On April 21, 2005, Mettle filed suit against CSXT in the Eastern District of Pennsylvania. The case was later transferred to the United States District Court for the District of Maryland. Mettle's theory of the case was that CSXT's negligence caused, at least in part, his injuries, in violation of FELA. Specifically, he claimed that CSXT was negligent in allowing mud and rail slivers to accumulate between the rails, and that this negligence proximately caused his injuries.

On May 18, 2006, the district court entered summary judgment in favor of CSXT. The district court found that Mettle had made

3

"nothing more than conclusory assertions as to [CSXT's] alleged negligence." (J.A. at 229.) The district court noted that in support of his negligence claim, Mettle had offered only his unsupported opinions that an unacceptable amount of mud and slivers were at the accident site, and Mettle failed to offer any evidence showing that the conditions at the track were unsafe. Thus, even accepting his statements as true, the district court found that Mettle failed to put forth evidence explaining that CSXT had a duty to remove mud and slivers from the tracks for safety reasons and had failed in exercising such a duty. Relying on Hurley v. Patapsco & Back Rivers R.R. Co., 888 F.2d 327 (4th Cir. 1989) (per curiam), the court found that Mettle's assertions were insufficient to meet his burden of proving CSXT's negligence and that "absent speculation, a jury could not conclude that [Mettle] slipped because of the mud and not because of the rain, which [Mettle] described as a 'heavy downpour.'" (J.A. at 231); see Hurley, 888 F.2d at 329 (affirming directed verdict in favor of railroad because the plaintiff's evidence was such that "the jury could have reached a verdict in his favor only by speculating").

Moreover, the court found that even assuming Mettle could show negligence on the part of CSXT, he could not show the existence of a "causal connection between the presence of either the mud or slivers and [Mettle's] misfortune of injuring his back," (J.A. at 231), in part because Mettle had admitted that CSXT "would not have

4

wanted him to do anything unsafe, that he had the freedom to stay in his truck if he believed the conditions outside were unsafe, he did not need anyone's approval to temporarily refrain from working, and . . . he thought it was safe to perform the track reading," (J.A. at 233.) In other words, the court found that Mettle's actions were the sole proximate cause of his injury. See Hurley, 888 F.2d at 330 ("Given the evidence presented, the district court properly concluded that plaintiff . . . was the sole proximate cause of the accident.").

On June 6, 2006, Mettle timely appealed. We have jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 2006).

II.

We review de novo the district court's grant of summary judgment to CSXT. See, e.g., Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). We must construe the facts in the light most favorable to Mettle, and we may not make credibility determinations or weigh the evidence. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

5

(1986); <u>Edell & Assoc., P.C. v. Law Offices of Peter G. Angelos</u>, 264 F.3d 424, 435 (4th Cir. 2001).

We have reviewed the record, briefs, and applicable case law on this matter.  Our careful review persuades us that the district court's ruling was correct.  Accordingly, we affirm the district court's order on the reasoning of the district court.  <u>See</u> <u>Mettle v. CSX Transp., Inc.</u>, Civil No. WMN-05-1285 (D. Md. May 18, 2006). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>